**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | | |
| : | | |
| v. : | Case No.: | 8:16-cr-320 |
| : | | |
| JUAN GOMEZ GUTIERREZ : | | |
| _____ : | | |

**MOTION FOR DOWNWARD VARIANCE, OBJECTIONS TO PSR
AND SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, JUAN GOMEZ GUTIERREZ, and files this his motion for downward variance, objections to the PSR, and sentencing memorandum which encompass all remaining legal and factual objections, a 3553 analysis, all requests for mitigation, sentencing suggestions, and miscellaneous sentencing issues and, in support of said issues, states as follows:

I. POSITION AS TO A REASONABLE SENTENCE FOR THE DEFENDANT

Based upon the various factors cited below, the Defendant moves this Court for a downward variant sentence from the current guidelines of 135-168 months imprisonment and requests that this court sentence him to a mandatory minimum sentence of 120 months imprisonment.

II. PRE-SENTENCE INVESTIGATION REPORT - FACTUAL OBJECTIONS

No factual objections exist.

III. PRE-SENTENCE INVESTIGATION REPORT - LEGAL OBJECTIONS

No legal objections exist.

IV. 18 U.S.C. SECTION 3553 - MITIGATION ANALYSIS

1

A.  The Defendant requests that the Court impose a sentence that is sufficient but not greater than necessary to comply with the purposes of the Sentencing Reform Act as set forth in 18 U.S.C. Section 3553(a).

B.  Now that the guidelines are advisory, the Court is free to utilize 18 U.S.C. Section 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. These sections require that the sentence of a federal defendant reflect:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; and

2. The need for the sentence imposed:

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant;

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

3. The kinds of sentences available; and

4. The need to avoid unwarranted sentencing disparity among defendants with similar records and similar crimes; and

5. The need to provide restitution to any victims of the offense.

C.  The factors of particular importance in this matter are:

1. *The history and characteristics of the defendant.* In lieu of repeating his history and characteristics that are already detailed in the PSR, Part D, at paragraphs 35-54, Mr.

Gomez Gutierrez simply reiterates the following: that he was fortunate enough to have been raised in a middle class household in Colombia, however, unfortunately he left the home at 14 years old because he wanted to be out on his own. (¶41 PSR). While his parents were willing to be there for him, Mr. Gomez Gutierrez who currently is only 21 years old, being so young and not living at home, was easily influenced by other family members who were in the drug trafficking business. (¶43 PSR). Another factor that made him easily impressionable is that he only completed 6th grade of school. (¶50 PSR). Additionally, Mr. Gomez Gutierrez is a criminal history category one and may be may be eligible for a downward departure based upon substantial assistance to authorities. (¶¶ 31, 68 PSR). These factors justify a downward variance from 11 years 3 months to 10 years imprisonment based upon the fact that surely the guidelines did not contemplate Mr. Gomez Gutierrez's unique history and characteristics when formulating the generic, one-size-fits-all advisory guidelines.

V.  SUGGESTED SENTENCE

Based upon the various factors cited above, Mr. Gomez Gutierrez requests that this court sentence him to the mandatory minimum sentence of 10 years imprisonment.

VI. REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

A. If sentenced to imprisonment, the Defendant respectfully requests that the Court recommend confinement at Fort Dix FCI in order to be able to participate in Unicor work.

Further, the Defendant respectfully requests that this Court state on the record the reasons why it is making said recommendation. The Bureau of Prisons welcomes judicial recommendations (see *BOP Program Statement 5100.07*) and by statute it is required to consider them. 18 U.S.C. Section 3621(a)(4)(B). Bureau statistics show that it honors judicial recommendations in the

overwhelming majority of cases in which a defendant qualifies for a particular recommended institution if there are reasons on the record to support such a designation.

      B. Mr. Gomez Gutierrez requests that the Court recommend that he be permitted to participate in technology courses, HVAC classes, and auto mechanic courses, if available at the prison to which he gets designated.

## CONCLUSION

WHEREFORE, the Defendant, JUAN GOMEZ GUTIERREZ, by and through his undersigned counsel, prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

By: /s/ Tim Bower Rodriguez
Tim Bower Rodriguez, Esq.
Florida Bar No.: 0151890
Tim Bower Rodriguez, PA
601 N. Ashley Dr., Ste 310
Tampa, FL 33602
Direct: (813) 384-7555
Email: t@bowerrodriguez.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on December 5, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to counsel of record.

By: /S/ Tim Bower Rodriguez